COBLENTZ V. BATIS

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**GUSTAVO COBLENTZ,**
**Plaintiff-Appellee,**
**v.**
**TANA BATIS,**
**Defendant-Appellant,**
**and**
**SANTA FE COMMUNITY HOUSING TRUST,**
**Defendant,**
**and**
**JENNIFER RIOS and MARTIN RIOS,**
**Intervenors.**

Docket No. A-1-CA-36803
COURT OF APPEALS OF NEW MEXICO
March 28, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, David K. Thomson, District Judge

**COUNSEL**

Gustavo Coblentz, Santa Fe, NM, Pro Se Appellee

Trace L. Rabern, Santa Fe, NM, for Appellant

VanAmberg, Rogers, Yepa, Abeita & Gomez, Ronald J. VanAmberg, Santa Fe, NM, for Defendant

Mark E. Komer, Santa Fe, NM, for Intervenors

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  MEGAN P. DUFFY, BRIANA H. ZAMORA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals from the district court's order denying her motion to reconsider and the underlying order and final judgment. In this Court's notice of proposed disposition, we proposed to summarily reverse and remand. Plaintiff, acting in a self-represented capacity, filed a memorandum in opposition. Remaining unpersuaded, we reverse and remand.

**{2}** In our calendar notice, we proposed to reverse and remand because it appeared that the figures on which the district court relied in its order regarding the value of the house and the amount to which each party was entitled was unsupported by evidence in the record. [CN 1, 3-6] In his memorandum in opposition, in pertinent part, Plaintiff contends that he testified at trial about the quality of construction and value of the house; that the appraisal on which Defendant relied in her motions for reconsideration were not listed as trial exhibits or offered through witness testimony, and Plaintiff had no opportunity to cross examine or submit rebuttal testimony; and that Plaintiff had asked for an injunction early in litigation on the grounds that Defendant was committing waste due to her failure to maintain, inter alia, the roof, which was denied. [MIO PDF 1-2] Plaintiff asks that, if we remand the case, we "require additional information on the value of the house to be submitted by *both* parties." [MIO PDF 2]

**{3}** Plaintiff has not provided this Court with any new facts, law, or arguments that persuade us that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse the district court's order and final judgment insofar as they rely on the apparently unsupported figures identified in our calendar notice, and remand for recalculation based on figures supported by the record, including an explanation and reference to the record for the new figures and calculations, in an amended order and/or an amended final judgment. In the event the district court believes its originally calculated figures—the value of the house and the amount to which Plaintiff is entitled based on the value of the house and the equities of the parties in the house—are accurate, the district court may reiterate such figures in its amended order and/or amended final judgment, but shall include an explanation as to how such figures and calculations are supported by sufficient evidence in the record. The district court may order briefing or a hearing to the extent it deems either or both necessary.

**{5}** IT IS SO ORDERED.

LINDA M. VANZI, Judge

WE CONCUR:

MEGAN P. DUFFY, Judge

BRIANA H. ZAMORA, Judge